1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

8
9

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 10  GARY RAY BETTENCOURT, | Case No.  1:17-cv-00646-DAD-SAB |
| 11          Plaintiff, | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| 12      v. | (ECF No. 1) |
| 13  BRIAN McCABE, et al., | THIRTY DAY DEADLINE |
| 14          Defendants. | |

15

16      On April 27, 2017, Plaintiff Gary Ray Bettencourt, a state prisoner proceeding pro se and

17 in forma pauperis, filed this action in the Sacramento Division of the United States District Court

18 for the Eastern District of California pursuant to 42 U.S.C. § 1983.  (ECF No. 1.)  On May 9,

19 2017, this action was transferred from the Sacramento Division to the Fresno Division.  (ECF

20 No. 4.)

21      Plaintiff utilized the section 1983 complaint form for a civil rights action filed by

22 incarcerated individuals.  However, Plaintiff is attempting to challenge proceedings involving the

23 probate of a will rather than conditions of confinement.  Therefore, the Court re-designated this

24 action as a regular civil action on June 12, 2017.  (ECF No. 7.)

**I.**

25

**SCREENING REQUIREMENT**

26

27      The Court is required to screen complaints brought by prisoners seeking relief against a

28 governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).

1

1   The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

2   legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or

3   that "seek[] monetary relief against a defendant who is immune from such relief."  28 U.S.C. §

4   1915(e)(2)(B).

5       A complaint must contain "a short and plain statement of the claim showing that the

6   pleader is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not

7   required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

8   conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell

9   Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Moreover, Plaintiff must demonstrate

10  that each defendant personally participated in the deprivation of Plaintiff's rights.  Jones v.

11  Williams, 297 F.3d 930, 934 (9th Cir. 2002).

12      Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings

13  liberally construed and to have any doubt resolved in their favor.  Wilhelm v. Rotman, 680 F.3d

14  1113, 1121 (9th Cir. 2012) (citations omitted).  To survive screening, Plaintiff's claims must be

15  facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer

16  that each named defendant is liable for the misconduct alleged.  Iqbal, 556 U.S. at 678-79; Moss

17  v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The "sheer possibility that a defendant

18  has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's

19  liability" falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572

20  F.3d at 969.

21                                      **II.**

22                                  **DISCUSSION**

23      Plaintiff brings this action against Defendants Judge B. McCabe of the Merced County

24  Superior Court; Judge J. Kirihara of the Merced County Superior Court; Steve Griffin, executor

25  of John S. Bettencourt's will; and Vanise Bettencourt.[1]  Plaintiff states that this Court has

26  _____

[1] In the caption, Plaintiff also names the Estate of John Bettencourt and the executors and beneficiaries of the Estate
and Merced Superior Court Civil and Probate Clerks.  Plaintiff also states in the complaint that the estate attorney is
27  disbarred and that Plaintiff has notified him of "breach of fiduciary or breach of trust past due."  Plaintiff must
clearly identify who are the defendants that he is bringing his claims against.

28

1  jurisdiction over this action pursuant to 28 U.S.C. § 1343(a), 42 U.S.C. § 1983, the Extraordinary

2  Writ Rule, and Rule 4 of the Federal Rules of Civil Procedure, and because this is a trust fund

3  collection case.

4       Plaintiff indicates that he is seeking an order to review and enforce the errors by the

5  probate court for the will and testament of John S. Bettencourt.  Plaintiff alleges that he is a

6  beneficiary of the will of John S. Bettencourt and that Defendants discontinued the payments of

7  trust funds established for Plaintiff.  Plaintiff contends that the trust was for $20,000, but he only

8  received $4,400.[2]  Plaintiff alleges that the will was probated in Merced County Superior Court

9  on May 10, 2011, and no motions were filed after May 10, 2011.

10      Plaintiff alleges that the judges violated Plaintiff's civil and constitutional rights for

11  fiduciary fraud and that a judge violated the oath of affirmation.  He alleges that the attorney of

12  record for the estate, the executor, or the Merced County Superior Court has put new dates on the

13  motions and fabricated or falsified the language of the motions.  It appears that Plaintiff is

14  alleging that his petitions and pleadings were returned unfiled by the Superior Court Judges and

15  Clerks for two years.  Plaintiff states that he only received 74 or 76 pages of the record from the

16  Superior Court Clerk, but she claimed she sent 82 pages.  Plaintiff states that an unknown clerk

17  changed the "Superior Court Civil/Probate, Collection case number" and did not file motions for

18  telephonic appearances before Judge Kirihara.  Plaintiff alleges that subpoenas were not served

19  by the Merced Superior Court to attend the ordered probate civil/collection hearing.  Plaintiff

20  seeks to invoke the Federal Tort Claim Act and the Federal Jurisdiction Act over the state court's

21  gross negligence.

22      The only relief that Plaintiff seeks is damages.  Plaintiff seeks to be reimbursed for the

23  trust fund payments of $100 per month that he alleges he is entitled to for a total of $16,400.  He

24  also seeks payment for gross tort negligence of $1,164,000.

25      Plaintiff's complaint fails to set forth any facts to state a cognizable federal claim.

26  Plaintiff sets forth the names of several individuals who it appears were involved in the probate

27

28  [2] In another section of the complaint, Plaintiff states that he received the last payment from the trust on July 3, 2014, and that he is owed $16,400 from the trust.

1   of John Bettencourt's will, but it is unclear what claims Plaintiff is attempting to pursue in this

2   action.  It is unclear if Plaintiff is challenging the state court's decision in the probate proceeding

3   or if he is bringing claims against individuals for what they did or failed to do related to the

4   probate proceeding.  The Court shall grant Plaintiff an opportunity to file an amended complaint

5   to correct the deficiencies identified in this order and he should clearly state the claims that he is

6   bringing and the defendants that he is bringing his claims against.

7        If Plaintiff cannot identify the Defendants by name, he must number the Doe Defendants

8   in the complaint, e.g., "John/Jane Doe 1," John/Jane Doe 2," and allege specific acts attributed to

9   each of the Doe Defendants, e.g., "John Doe 1 did X" and "John Doe 2 and 3 did Y," so that

10  each numbered John Doe refers to a different specific person and their role in the alleged

11  violations is clear.   In addition, the Court cannot order service of a Doe Defendant because the

12  United States Marshal cannot serve a Doe Defendant.  Therefore, before the Court orders the

13  United States Marshal to serve a Doe Defendant, Plaintiff will be required to identify him or her

14  with enough information to locate the Defendant for service of process.

15       **A.**     **Jurisdiction**

16        Federal courts are courts of limited jurisdiction and their power to adjudicate is limited to

17  that granted by Congress.  U.S. v. Sumner, 226 F.3d 1005, 1009 (9th Cir. 2000).  Pursuant to 28

18  U.S.C. § 1331, federal courts have original jurisdiction over "all civil actions arising under the

19  Constitution, laws, or treaties of the United States."  "A case 'arises under' federal law either

20  where federal law creates the cause of action or where the vindication of a right under state law

21  necessarily turns on some construction of federal law."  Republican Party of Guam v. Gutierrez,

22  277 F.3d 1086, 1088 (9th Cir. 2002) (internal punctuation omitted) (quoting Franchise Tax Bd.

23  v. Construction Laborers Vacation Trust, 463 U.S. 1, 8-9 (1983) (citations omitted)).  "[T]he

24  presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint

25  rule,' which provides that federal jurisdiction exists only when a federal question is presented on

26  the face of the plaintiff's properly pleaded complaint."  Republican Party of Guam, 277 F.3d at

27  1089 (citations omitted).

28        For this action to arise under federal law, Plaintiff must establish that "federal law creates

1  the cause of action" or his "asserted right to relief depends on the resolution of a substantial

2  question of federal law."  K2 America Corp. v. Roland Oil & Gas, LLC, 653 F.3d 1024, 1029

3  (9th Cir. 2011).[3]

4      It is unclear what claims Plaintiff is bringing in this action and the bases for those claims.

5  If Plaintiff is seeking to bring his suit on basis of federal question jurisdiction, he must allege

6  facts to demonstrate that this action arises under federal law.

7      **B.      Liability Under Section 1983**

8      Plaintiff is advised that to state a claim under section 1983, he is required to show that (1)

9  each defendant acted under color of state law and (2) each defendant deprived him of rights

10 secured by the Constitution or federal law.  Long v. County of Los Angeles, 442 F.3d 1178, 1185

11 (9th Cir. 2006).  There is no respondeat superior liability under section 1983, and therefore, each

12 defendant is only liable for his or her own misconduct.  Iqbal, 556 U.S. at 677.  To state a claim,

13 Plaintiff must demonstrate that each defendant personally participated in the deprivation of his

14 rights.  Jones, 297 F.3d at 934.  In other words, to state a cognizable claim, Plaintiff must identity

15 the individual defendant and state the act or failure to act of that defendant that violated

16 Plaintiff's federal rights.  Plaintiff must specify the right secured by the Constitution or federal

17 law.  Plaintiff must allege that each defendant acted under color of state law.  To the extent that

18 Plaintiff is alleging that Judge McCabe and Judge Kirihara and the Court Clerks are liable under

19 section 1983, they may be immune from suit because of judicial immunity and quasi-judicial

20 immunity, as discussed below.  Plaintiff has not alleged that Defendants Steve Griffin and

21 Vanise Bettencourt are state actors.

22      **C.      Petition for Extraordinary Writ**

23      Plaintiff refers to the Extraordinary Writ Rule, which the Court construes as the

24

25 [3] District courts also have original jurisdiction of all civil actions between citizens of different States in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs."  28 U.S.C. § 1332(a).

26 **Error! Main Document Only.**This requires complete diversity of citizenship and the presence "of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action."  Abrego Abrego v. The Dow Chemical Co., 443 F.3d 676, 679 (9th Cir. 2006) (citations omitted).  Plaintiff

27 is not bringing this action based on diversity jurisdiction.  If Plaintiff is a citizen of the same state as even one defendant, there would be no diversity jurisdiction.

28

5

1   Procedure on a Petition for an Extraordinary Writ.  <u>See</u> U.S. Supreme Court Rule 20.  Rule 20 of

2   the Rules of the Supreme Court of the United States provides that, "[T]he petition must show

3   that the writ will be in aid of the [Supreme] Court's appellate jurisdiction, that exceptional

4   circumstances warrant the exercise of the [Supreme] Court's discretionary powers, and that

5   adequate relief cannot be obtained in any other form or from any other court."  Plaintiff has filed

6   this action in the United States District Court for the Eastern District of California, and therefore,

7   Rule 20 of the Rules of the Supreme Court of the United States is inapplicable.

8       **D.      28 U.S.C. § 1343**

9       Plaintiff alleges jurisdiction pursuant to 28 U.S.C. § 1343(a), which provides that district

10  courts have original jurisdiction of civil actions:

>   (1) To recover damages for injury to his person or property, or because of the deprivation of any right or privilege of a citizen of the United States, by any act done in furtherance of any conspiracy mentioned in section 1985 of Title 42;
>   (2) To recover damages from any person who fails to prevent or to aid in preventing any wrongs mentioned in section 1985 of Title 42 which he had knowledge were about to occur and power to prevent;
>   (3) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States;
>   (4) To recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights, including the right to vote.

18  28 U.S.C. § 1343(a).

19      Plaintiff does not allege that his claims are under an Act of Congress providing for the

20  protection of civil rights or under a State law, statute, ordinance, regulation custom, or usage of

21  any right, privilege, or immunity secured by the Constitution or any Act of Congress providing

22  for equal rights of citizens or persons within the jurisdiction of the United States.  Plaintiff also

23  does not set forth factual allegations of a conspiracy mentioned in section 1985 of Title 42.

24  Plaintiff cannot make conclusory statements, but must provide factual allegations sufficient to

25  state a claim.

26      To establish a claim for conspiracy under 42 U.S.C. § 1985, a plaintiff must demonstrate

27  a conspiracy for the purpose of depriving another of the equal protection of the laws and an act in

28  furtherance of that conspiracy, causing injury to a person or property or the deprivation of a legal

1  right.  Federer v. Gephardt, 363 F.3d 754, 757-58 (8th Cir. 2004).  "'The language requiring

2  intent to deprive [another] of equal protection, or equal privileges and immunities, means that

3  there must be some racial or perhaps otherwise class-based, invidiously discriminatory animus

4  behind the conspirator's actions.'"  Id. at 758 n. 3 (quoting Griffin v. Breckenridge, 403 U.S. 88,

5  102 (1971)).  "It implies that the decisionmaker . . . selected or reaffirmed a particular course of

6  action at least in part 'because of,' . . . its adverse effects upon an identifiable group."  Bray v.

7  Alexandria Women's Health Clinic, 506 U.S. 263, 271-72 (1993).

8  **E.      Federal Tort Claims Act**

9  Plaintiff states that he is bringing his claims under the Federal Tort Claims Act

10 ("FTCA").  The district courts have jurisdiction of "civil actions on claims against the United

11 States, for money damages, accruing on and after January 1, 1945, for injury or loss of property,

12 or personal injury or death caused by the negligent or wrongful act or omission of any employee

13 of the Government while acting within the scope of his office or employment, under

14 circumstances where the United States, if a private person, would be liable to the claimant in

15 accordance with the law of the place where the act or omission occurred."  28 U.S.C. §

16 1346(b)(1).  The FTCA waives the United States' sovereign immunity for tort claims caused by

17 negligence on the part of government employees acting within the scope of their employment.

18 Terbush v. United States, 516 F.3d 1125, 1128 (9th Cir. 2008).  The FTCA, however, includes a

19 number of exceptions to this otherwise broad waiver of sovereign immunity.  Id. at 1129.  Here,

20 Plaintiff has not named the United States as a defendant and has not alleged any acts or

21 omissions by federal government employees.

22 **F.      Rule 4 of the Federal Rules of Civil Procedure**

23 Plaintiff states that this Court has jurisdiction pursuant to Rule 4 of the Federal Rules of

24 Civil Procedure.  However, federal subject matter jurisdiction cannot be based on Rule 4 of the

25 Federal Rules of Civil Procedure.  Rule 4 provides the procedures for a summons and the service

26 of a summons.  See Fed. R. Civ. P. 4.  Rule 4 is not a federal law and it does not create a cause of

27 action.

28 / / /

7

1    **G.    Trust Fund Collection Case**

2         Plaintiff states that the district court has jurisdiction because this is a trust fund collection

3    case.  It appears that Plaintiff is alleging that the district court has jurisdiction because he is

4    seeking the collection of his trust fund.  However, the fact that Plaintiff is seeking the collection

5    of a trust that he alleges he is entitled to pursuant to a will is not sufficient to create federal

6    question jurisdiction.  To the extent that Plaintiff is only able to allege state law claims, state law

7    claims are insufficient to invoke federal question jurisdiction.

8    **H.    Judicial Immunity**

9         Plaintiff brings this action against Judge McCabe and Judge Kirihara, who are both

10   judges at the Merced County Superior Court, for violations of Plaintiff's civil and constitutional

11   rights and "fiduciary fraud."  Plaintiff alleges that a judge violated the oath of affirmation of the

12   United States and California Constitutions.  It also appears that Plaintiff is alleging that judges

13   had returned his petitions unfiled for two years.  However, Plaintiff does not describe how the

14   judge violated the oath of affirmation, what civil rights and constitutional rights the judges

15   violated, or how the judges committed "fiduciary fraud."  Plaintiff must explain what actions or

16   inactions Judge McCabe and Judge Kirihara did or failed to do that allegedly violated Plaintiff's

17   rights.  Judge McCabe and Judge Kirihara may be entitled to judicial immunity for the claims

18   against them.

19        Absolute judicial immunity is afforded to judges for acts performed by the judge that

20   relate to the judicial process.  In re Castillo, 297 F.3d 940, 947 (9th Cir. 2002), as amended

21   (Sept. 6, 2002).  "This immunity reflects the long-standing 'general principle of the highest

22   importance to the proper administration of justice that a judicial officer, in exercising the

23   authority vested in him, shall be free to act upon his own convictions, without apprehension of

24   personal consequences to himself.' "  Olsen v. Idaho State Bd. of Med., 363 F.3d 916, 922 (9th

25   Cir. 2004) (quoting Bradley v. Fisher, 13 Wall. 335, 347 (1871)).  This judicial immunity

26   insulates judges from suits brought under section 1983.  Olsen, 363 F.3d at 923.

27        Absolute judicial immunity insulates the judge from actions for damages due to judicial

28   acts taken within the jurisdiction of the judge's court.  Ashelman v. Pope, 793 F.2d 1072, 1075

8

1    (9th Cir. 1986).  "Judicial immunity applies 'however erroneous the act may have been, and

2    however injurious in its consequences it may have proved to the plaintiff.' "  Id. (quoting

3    Cleavinger v. Saxner, 474 U.S. 193 (1985)).  However a judge is not immune where he acts in

4    the clear absence of jurisdiction or for acts that are not judicial in nature.  Ashelman, 793 F.2d at

5    1075.  Judicial conduct falls within "clear absence of all jurisdiction," where the judge "acted

6    with clear lack of all subject matter jurisdiction."  Stone v. Baum, 409 F. Supp. 2d 1164, 1174

7    (D. Ariz. 2005).

8         To determine if an act is judicial in nature, the court considers whether (1) the precise act

9    is a normal judicial function; (2) the events occurred in the judge's chambers; (3) the controversy

10   centered around a case then pending before the judge; and (4) the events at issue arose directly

11   and immediately out of a confrontation with the judge in his or her official capacity.  Duvall v.

12   Cty. of Kitsap, 260 F.3d 1124, 1133 (9th Cir. 2001), as amended on denial of reh'g (Oct. 11,

13   2001) (quoting Meek v. County of Riverside, 183 F.3d 962, 967 (9th Cir. 1999)).

14       **I.      Quasi-Judicial Immunity from Damages**

15       Plaintiff alleges that Merced County Superior Court Civil and Probate Clerks had

16   returned unfiled his petitions for two years.  Plaintiff states that he only received 74 or 76 pages

17   of the record from the Superior Court Clerk, but she claimed she sent 82 pages.  Plaintiff states

18   that an unknown clerk changed the "Superior Court Civil/Probate, Collection case number" and

19   did not file motions for telephonic appearances before Judge Kirihara.  Plaintiff alleges that

20   subpoenas were not served by the Merced Superior Court to attend the ordered probate

21   civil/collection hearing.  The court clerks may have quasi-judicial immunity from damages.

22       "Court clerks have absolute quasi-judicial immunity from damages for civil rights

23   violations when they perform tasks that are an integral part of the judicial process."  Mullis v.

24   U.S. Bankr. Court for Dist. of Nevada, 828 F.2d 1385, 1390 (9th Cir. 1987); Fixel v. United

25   States, 737 F.Supp. 593, 597 (D. Nev. 1990), aff'd sub nom. Fixel v. U.S. Dist. Court of Nevada,

26   930 F.2d 27 (9th Cir. 1991).  Clerk action that is "a mistake or an act in excess of jurisdiction

27   does not abrogate judicial immunity, even if it results in 'grave procedural errors.' "  Mullis, 828

28   F.2d at 1390 (quoting Stump v. Sparkman, 435 U.S. 349, 359 (1978)).  In Mullis, a bankruptcy

1  debtor filed an action against the bankruptcy court clerks. <u>Mullis</u>, 828 F.2d at 1390. The

2  plaintiff alleged denial to access of the court after the court clerks refused to accept and file an

3  amended petition in his bankruptcy action. <u>Mullis</u>, 828 F.2d at 1390. The court found that the

4  clerk of court and deputy clerks are the court officials through whom filing in cases is done. <u>Id.</u>

5  "Consequently, the clerks qualify for quasi-judicial immunity unless these acts were done in the

6  clear absence of all jurisdiction." <u>Id.</u>

7      **J.      Principles of Abstention Apply to Plaintiff's Claims**

8          It appears that Plaintiff may be seeking to have this Court adjudicate a matter that is

9  being adjudicated in Merced County Superior Court. Plaintiff attaches the civil case cover sheet

10 for a civil case that he filed in Merced County Superior Court, which also includes the case

11 number of a probate action. A review of the Merced County Superior Court dockets in both the

12 civil action and probate action indicates that these actions are still pending in Merced County

13 Superior Court. <u>See</u> <u>Estate of: John S. Bettencourt</u>, No. PR000628 (Merced Sup. Ct.); <u>Gary</u>

14 <u>Bettencourt v. Vanise Bettencourt</u>, No. 15CV-01551 (Sup. Ct.).[4] It appears that one of two

15 abstention principles articulated by the United States Supreme Court may apply to this case.

16         The <u>Younger</u> doctrine precludes a federal court's intervention in ongoing state

17 proceedings. <u>Younger v. Harris</u>, 401 U.S. 37 (1971). <u>Younger</u> abstention is required when: (1)

18 state proceedings, judicial in nature, are pending; (2) the state proceedings involve important

19 state interests; and (3) the state proceedings afford adequate opportunity to raise the

20 constitutional issue. <u>Middlesex County Ethics Comm. v. Garden State Bar Ass'n</u>, 457 U.S. 423,

21 432 (1982); <u>Dubinka v. Judges of the Superior Court of State of Cal. for Cty. Of Los Angeles</u>, 23

22 F.3d 218, 223 (9th Cir. 1994) (citations omitted). The rationale of <u>Younger</u> applies throughout

23 the appellate proceedings, requiring that state appellate review of a state court judgment be

24 exhausted before federal court intervention is permitted. <u>Dubinka</u>, 23 F.3d at 223 (even if

25 criminal trials were completed at time of abstention decision, state court proceedings are still

26

27 [4] The Court takes judicial notice of the actions filed in the Merced County Superior Court. <u>Reyn's Pasta Bella, LLC v. Visa USA, Inc.</u>, 442 F.3d 741, 746 n.6 (9th Cir. 2006); <u>Lee v. City of Los Angeles</u>, 250 F.3d 668, 689 (9th Cir. 2001).

28

10

1  considered pending).

2       Further, once a state court proceeding has concluded, the <u>Rooker–Feldman</u> abstention

3  doctrine applies when the relief requested in the federal court would effectively reverse a state

4  court decision or void its ruling.  The application of the <u>Rooker–Feldman</u> doctrine is necessarily

5  limited to "cases brought by state-court losers complaining of injuries caused by state-court

6  judgments rendered before the district court proceedings commenced and inviting district court

7  review and rejection of those judgments." <u>Exxon Mobil Corp. v. Saudi Basic Indus. Corp.</u>, 544

8  U.S. 280, 284 (2005).  However, the <u>Rooker-Feldman</u> doctrine encompasses claims that were not

9  only actually litigated, but also those that are "inextricably intertwined" with the adjudication by

10  a state court. <u>Id.</u> at 286 (citation omitted).

11           **K.       Leave to Amend**

12       Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend shall be freely

13  given when justice so requires.  Fed. R. Civ. P. 15(a)(2).  In determining whether to grant leave

14  to amend, the court considers five factors: "(1) bad faith; (2) undue delay; (3) prejudice to the

15  opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended

16  his complaint." <u>Nunes v. Ashcroft</u>, 375 F.3d 805, 808 (9th Cir. 2004).

17       As Plaintiff is proceeding pro se in this action, the Court shall provide him with a final

18  opportunity to correct the deficiencies of his claims.

19                                              **III.**

20                                   **CONCLUSION AND ORDER**

21       Plaintiff's complaint fails to state a cognizable claim for relief under federal law.  The

22  Court will provide Plaintiff with the opportunity to file a first amended complaint curing the

23  deficiencies identified by the Court in this order. <u>Akhtar v. Mesa</u>, 698 F.3d 1202, 1213 (9th Cir.

24  2012).

25       If Plaintiff decides to file a first amended complaint, he is advised that he may not change

26  the nature of this suit by adding new, unrelated claims in his amended complaint. <u>George v.</u>

27  <u>Smith</u>, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).  Plaintiff's first amended

28  complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did

1  that led to the deprivation of Plaintiff's constitutional or other federal rights, Iqbal, 556 U.S. at

2  678-79.   "The inquiry into causation must be individualized and focus on the duties and

3  responsibilities of each individual defendant whose acts or omissions are alleged to have caused

4  a constitutional deprivation."   Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988).   Although

5  accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the

6  speculative level . . . ."   Twombly, 550 U.S. at 555 (citations omitted).

7           Finally, an amended complaint supersedes the original complaint, Lacey v. Maricopa

8  County, 693 F.3d 896, 927 (9th Cir. 2012); Valdez-Lopez v. Chertoff, 656 F.3d 851, 857 (9th

9  Cir. 2011), and must be "complete in itself without reference to the prior or superseded

10  pleading," Local Rule 220.

11           Based on the foregoing, it is HEREBY ORDERED that:

12           1.      Plaintiff's complaint, filed April 27, 2017, is DISMISSED with leave to amend;

13           2.      Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a

14                   first amended complaint curing the deficiencies identified by the Court in this

15                   order, and

16           3.      If Plaintiff fails to comply with this order, this action will be dismissed for failure

17                   to state a claim.

18

IT IS SO ORDERED.

19

20  Dated:   **July 24, 2017**

                                                    _____
                                                    UNITED STATES MAGISTRATE JUDGE

21

22

23

24

25

26

27

28

12