# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY RAY BETTENCOURT,<br><br>    Plaintiff,<br><br>v.<br><br>BRIAN McCABE, et al.,<br><br>    Defendants. | Case No. 1:17-cv-00646-DAD-SAB<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL<br><br>(ECF No. 10) |

Plaintiff Gary Ray Bettencourt is appearing pro se in this action. On July 25, 2017, the Court issued an order dismissing Plaintiff's complaint with leave to amend because it failed to state a cognizable claim for relief for violation of Plaintiff's federal rights. (ECF No. 9.) On July 27, 2017, Plaintiff filed a motion for appointment of counsel. (ECF No. 10.)

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require any attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

1

1  The test for exceptional circumstances requires the Court to evaluate the Plaintiff's likelihood of
2  success on the merits and the ability of the Plaintiff to articulate his claims pro se in light of the
3  complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th
4  Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).

Plaintiff contends that the issues in this case are very complex. He contends that an expert will most likely be required and that he does not know the rules of the court. However, circumstances common to most prisoners, such as lack of legal education, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

Plaintiff states that he was receiving Supplemental Security Income (SSI) prior to his incarceration in 1990 and he would have been awarded Social Security Disability Insurance (SSD). Plaintiff indicates that he has a hearing impairment that was called "brain damages" by an ear specialist and he also has a lower back spinal injury involving his muscle tissues. Based on a review of the record in this case, the court does not find that Plaintiff cannot adequately articulate his claims.

Further, in the present case, the Court has screened Plaintiff's complaint and found that he has not stated a claim for a violation of his federal rights. It appears that Plaintiff is alleging violations of state law which do not implicate his federal rights and it appears that there is no diversity jurisdiction. The Court also noted that there may be abstention principles that apply to this case and some of the defendants may be entitled to judicial immunity or quasi-juridical immunity. The Court does not find the required exceptional circumstances to appoint counsel in this action. Accordingly, Plaintiff's motion for appointment of counsel is HEREBY DENIED without prejudice.

IT IS SO ORDERED.

Dated:  **July 28, 2017**

UNITED STATES MAGISTRATE JUDGE