# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY RAY BETTENCOURT,<br><br>    Plaintiff,<br><br>    v.<br><br>BRIAN McCABE, et al.,<br><br>    Defendants. | Case No. 1:17-cv-00646-DAD-SAB<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSING ACTION WITHOUT LEAVE TO AMEND AND DISMISSING STATE LAW CLAIMS WITHOUT PREJUDICE<br><br>(ECF No. 12)<br><br>OBJECTIONS DUE WITHIN TWENTY-ONE DAYS |

Plaintiff Gary Ray Bettencourt, a state prisoner, is proceeding pro se and in forma pauperis in this action. On July 25, 2017, the Court dismissed Plaintiff's complaint with leave to amend. (ECF No. 9.) On August 23, 2017, Plaintiff filed his first amended complaint. (ECF No. 12.)

## I.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. §

1

1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## DISCUSSION

### A.     Allegations in Plaintiff's Fist Amended Complaint

Plaintiff's first amended complaint is not a picture of clarity. Liberally construing Plaintiff's complaint, Plaintiff brings this action against judges and clerks with the Merced County Superior Court; the estate of John S. Bettencourt; the executors and beneficiaries of John S. Bettencourt's will; an attorney; and a notary.

This action is related to the probate of John S. Bettencourt's will and Plaintiff's attempts to file documents in the probate action and/or civil actions in Merced County Superior Court concerning the probate of the will and/or collection of a trust that he alleges he is owed pursuant to the will. It appears that Plaintiff is asserting that there were errors in the probate action in

Merced County Superior Court related to the probate of the will of John S. Bettencourt. Plaintiff alleges that he is a beneficiary of the will of John S. Bettencourt and that payment of the trust fund established for Plaintiff was discontinued, which it appears is the fiduciary fraud that he is alleging.[1] Plaintiff contends that he is owed $15,400. Plaintiff alleges that there was one probate hearing held in Merced County Superior Court on May 10, 2011.

Plaintiff alleges that there was over $135,000 in cash in one bank account for the probated will of John S. Bettencourt. Plaintiff contends that John S. Bettencourt owned properties and that there were unsold properties.

Plaintiff alleges that the named judges and clerks in the Merced County Superior Court have violated the oath of their office. Plaintiff states that he requested that Judge McCabe be disqualified from a case. Plaintiff contends that he pleaded with the Merced Superior Court judges and clerks to file his civil/probate collection case trust fund appeal. Plaintiff alleges that he filed the "proper appeals civil/probate collection case forms" in Merced County Superior Court. (ECF No. 12 at 6.) It appears that he is alleging that the clerks were incorrect to find that his pleadings were not correctly sent.

He also alleges that he filed motions in Merced County Superior Court to produce documents, but they did not comply, which he alleges is in violation of Federal Rule of Civil Procedure 26. It appears that he is alleging that he sought case numbers and records from property transactions for John S. Bettencourt. It appears that Plaintiff is asserting that clerks and judges at the Merced County Court are concealing records of properties that were owned by John S. Bettencourt, and therefore, they are violating 18 U.S.C. §§ 1017, 1505.

Plaintiff states that he only received 76 pages of the record in the probate action from a clerk, but the clerk claimed that he or she sent 86 pages. He wonders "what is on the 8 or 6, [sic]

---

[1] Plaintiff's claims are not entirely clear. Therefore, the Court notes the following information that is contained in the exhibits that Plaintiff attaches to his first amended complaint. Plaintiff attaches a copy of the first and final report on waiver of accounting and petition for its settlement, for allowance of compensation for ordinary services and costs, and for final distribution, which indicates that $30,000 would be distributed to Dolores Wedel and the residual to Juanita Pauline Bettencourt. (ECF No. 12 at 274-80.) Plaintiff also attaches a copy of the receipt on distribution of Juanita Pauline Bettencourt from the probate action of John S. Bettencourt's estate in which Juanita Pauline Bettencourt acknowledged receiving the residuary estate. (ECF No. 12 at 260.) Plaintiff also attaches a copy of the will of John S. Bettencourt, which indicates that the trust for the benefit of Plaintiff was only in the event that Plaintiff's mother, Juanita Pauline Bettencourt, predeceased John S. Bettencourt. (ECF No. 12 at 51-58.)

3

missing civil/probate forms." (ECF No. 12 at 12.) Plaintiff also alleges that he filed or tried to file a DE-150 form, requesting that the Merced County Superior Court Judge certify West America Bank as trustee of Plaintiff's trust in 2015. "Plaintiff tried [sic] to simplify this matter by having the Bank, that was holding the bank accounts of John S. and Juanita Bettencourt have the DE-150, certified therefore approving them to send my trust fund payments." (ECF No. 12 at 13.) Plaintiff contends that the clerks and judges did not respond to his certification notice that he sent three times.

He states that someone forged and falsified dates on probate forms and what was stated in the motions. He also alleges that someone forged Juanita Bettencourt's signature on the forms and it appears that he is contending that she was not competent to address issues and was easily persuaded due to her Alzheimer's.

He states that he is owed by the trustee $15,400 and $1,646,000 for "Merced County Superior Court tort negligence intent." (ECF No. 12 at 19.) Plaintiff wants this Court to order and remand the case back to the Merced County Superior Court for the court and the clerks to correct their errors and enforce subpoenas on all of the defendants, two executors, and other beneficiaries who were paid in full in cash.

**B.     42 U.S.C. § 1983**

Liberally construing Plaintiff's first amended complaint, he is alleging claims under 42 U.S.C. § 1983 for violations of his civil rights. To state a claim under section 1983, he is required to show that (1) each defendant acted under color of state law and (2) each defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). There is no respondeat superior liability under section 1983, and therefore, each defendant is only liable for his or her own misconduct. Iqbal, 556 U.S. at 677. To state a claim, a plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones, 297 F.3d at 934. In other words, to state a cognizable claim, a plaintiff must identify the individual defendant and state the act or failure to act of that defendant that violated plaintiff's federal rights. A plaintiff must specify the right secured by the Constitution or federal law. A plaintiff must allege that each defendant acted

under color of state law.

The executors, beneficiaries, attorney, and notary that Plaintiff names as defendants are not state actors. Therefore, Plaintiff cannot bring section 1983 claims against the executors, beneficiaries, attorney, and notary who are named as defendants.

The other defendants are judges and clerks at the Merced County Superior Court who would be state actors, so the Court further discusses the Section 1983 claims against those defendants. Plaintiff has failed to state a claim for denial of access to the courts. Further, the judges and clerks are entitled to immunity for claims against them in their individual capacities for monetary damages. To the extent that Plaintiff brings claims against the judges and clerks at the Merced County Superior Court in their official capacities for monetary damages, those claims are subject to dismissal based on the Eleventh Amendment. In addition, principles of abstention apply to this action.

1. <u>Plaintiff Has Not Stated a Claim for Relief for Denial of Access to Courts</u>

Liberally construing Plaintiff's allegations, he is alleging an access to courts claim against the clerks and judges at the Merced County Superior Court.

Inmates have a fundamental constitutional right of access to the courts. <u>Lewis v. Casey</u>, 518 U.S. 343, 346 (1996). However, the right is limited to direct criminal appeals, habeas petitions, and civil rights actions. <u>Id.</u> at 354. Further, in order to state a claim for the denial of court access, a prisoner must establish that he suffered an actual injury. <u>Id.</u> at 349. "[A]ctual injury [is] actual prejudice with respect to contemplated or existing litigation, such as the ability to meet a filing deadline or to present a claim." <u>Id.</u> at 348. The prisoner "must identify a 'nonfrivolous,' 'arguable' underlying claim" and the specific remedy he lost, in order to give the defendant fair notice of his allegations. <u>Christopher v. Harbury</u>, 536 U.S. 403, 415 (2002) (quoting <u>Lewis</u>, 518 U.S. at 353 & n.3).

Here, Plaintiff claims that the judges and clerks at the Merced County Superior Court refused to file some of his documents. Plaintiff alleges that he tried to file a DE-150 form requesting that a judge certify a bank as a trustee of Plaintiff so that way Plaintiff could be sent his trust fund payments. Plaintiff alleges that he filed the "proper appeals civil/probate collection

case forms" in Merced County Superior Court. (ECF No. 12 at 6.)  It appears that he is alleging that the clerks were incorrect to find that his pleadings were not correctly sent.  He alleges that he sought case numbers and records from property transactions for John S. Bettencourt from the court.  He also takes issue with only receiving 76 pages of the record in the probate action from a clerk, when there were 86 pages in the record.[2]

Plaintiff's petitions and other documents that he alleges he was unable to file are all related to the probate of John S. Bettencourt's will and the alleged fiduciary fraud or professional negligence.  The documents that Plaintiff states that he was not able to file in the Merced County Superior Court are not direct criminal appeals, habeas petitions, or civil rights actions.  Plaintiff not being provided with a copy of the pages from the probate file that he already has copies of is not a denial of access to the courts.  Therefore, Plaintiff has not sufficiently alleged that his fundamental constitutional right of access to the courts has been violated.  Thus, Plaintiff fails to state a cognizable claim for denial of access to the courts.

2.  Judicial Immunity for Claims for Damages Against Judges

It appears that Plaintiff is bringing claims against judges at the Merced County Superior Court in their individual capacities.  Absolute judicial immunity is afforded to judges for acts performed by the judge that relate to the judicial process.  In re Castillo, 297 F.3d 940, 947 (9th Cir. 2002), as amended (Sept. 6, 2002).  "This immunity reflects the long-standing 'general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.' "  Olsen v. Idaho State Bd. of Med., 363 F.3d 916, 922 (9th Cir. 2004) (quoting Bradley v. Fisher, 13 Wall. 335, 347 (1871)).  This judicial immunity insulates judges from suits brought under section 1983.  Olsen, 363 F.3d at 923.

To determine if an act is judicial in nature, the court considers whether (1) the precise act

---

[2] The Court notes that Plaintiff has submitted a letter dated December 24, 2012, from Deputy Clerk Nengsy Moua of the Merced County Superior Court, which indicates that the Merced County Superior Court has provided Plaintiff with all copies from the court's file and that the 82 pages included Plaintiff's letters submitted to the court requesting forms/copies and return letters from the clerk to Plaintiff which Plaintiff already had copies of.  (ECF No. 12 at 49.)

is a normal judicial function; (2) the events occurred in the judge's chambers; (3) the controversy centered around a case then pending before the judge; and (4) the events at issue arose directly and immediately out of a confrontation with the judge in his or her official capacity. Duvall v. Cty. of Kitsap, 260 F.3d 1124, 1133 (9th Cir. 2001), as amended on denial of reh'g (Oct. 11, 2001) (quoting Meek v. County of Riverside, 183 F.3d 962, 967 (9th Cir. 1999)).

Liberally construing Plaintiff's first amended complaint, it appears that he is alleging that the judges are liable for not accepting some of his filings. Specifically, he alleges that he tried to file a DE-150 form requesting that a judge certify a bank as a trustee of Plaintiff so that way Plaintiff could be sent his trust fund payments.[3] Plaintiff contends that the judges did not respond to his DE-150 forms. He also alleges that a judge did not recuse himself. Decisions regarding what documents or pleadings should be filed in cases and the decision whether to recuse are acts by the judges in their judicial capacity that relate to the judicial process and are judicial in nature. Therefore, the judges would be entitled to judicial immunity for the claims against them in their individual capacities.

3. Quasi-Judicial Immunity for Claims for Damages Against Clerks

Plaintiff also brings this action against the clerks at the Merced County Superior Court. However, "[c]ourt clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process." Mullis v. U.S. Bankr. Court for Dist. of Nevada, 828 F.2d 1385, 1390 (9th Cir. 1987); Fixel v. United States, 737 F.Supp. 593, 597 (D. Nev. 1990), aff'd sub nom. Fixel v. U.S. Dist. Court of Nevada, 930 F.2d 27 (9th Cir. 1991). Clerk action that is "a mistake or an act in excess of jurisdiction does not abrogate judicial immunity, even if it results in 'grave procedural errors.'" Mullis, 828 F.2d at 1390 (quoting Stump v. Sparkman, 435 U.S. 349, 359 (1978)). In Mullis, a bankruptcy debtor filed an action against the bankruptcy court clerks. Mullis, 828 F.2d at 1390. The plaintiff alleged denial to access of the court after the court clerks refused to accept and file an

---

[3] As the Court noted above, Plaintiff was only a contingency beneficiary if his mother did not survive his father, John S. Bettencourt. However, as she did survive John S. Bettencourt, Plaintiff did not receive a trust from the estate of John S. Bettencourt. Therefore, the Court is unsure of what trust Plaintiff would have been a trustee of for the DE-150 form.

7

amended petition in his bankruptcy action. Mullis, 828 F.2d at 1390. The court found that the clerk of court and deputy clerks are the court officials through whom filing in cases is done. Id. "Consequently, the clerks qualify for quasi-judicial immunity unless these acts were done in the clear absence of all jurisdiction." Id. Subsequently, the Supreme Court found that "[w]hen judicial immunity is extended to officials other than judges, it is because their judgments are 'functionally comparable' to those of judges—that is, because they, too, 'exercise a discretionary judgment' as a part of their function." Antoine v. Byers & Anderson, Inc., 508 U.S. 429, 437 (1993) (citations omitted).

Liberally construing Plaintiff's first amended complaint, it appears that he is alleging that the clerks are liable for not accepting some of his filings. Plaintiff alleges that he tried to file a DE-150 form requesting that a judge certify a bank as a trustee of Plaintiff so that way Plaintiff could be sent his trust fund payments. Plaintiff argues that the clerks did not respond to the certification notice that he sent three times. It appears that he is alleging that the clerks were incorrect to find that some of his pleadings were incorrect or deficient. Plaintiff also states that he only received 76 pages of the record from the clerk at the Merced County Superior Court, but the clerk claimed he or she sent 86 pages, and so he questions what is on the missing pages.

The court clerks determining what documents should be filed and what documents should be returned to the filer because of deficiencies and determining what documents in a file a person should receive copies of are integral parts of the judicial process that involve the exercise of discretionary judgment. Therefore, the court clerks have quasi-judicial immunity for Plaintiff's claims for monetary claims in their individual capacities.

4. <u>Eleventh Amendment Bars Claims Against Judges and Clerks in Their Official Capacities for Monetary Damages</u>

To the extent that Plaintiff is alleging claims against the judges and clerks of the Merced County Superior Court in their official capacities for monetary damages, those claims are barred by the Eleventh Amendment.

"The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities," Aholelei v. Dept. of Public

Safety, 488 F.3d 1144, 1147 (9th Cir. 2007). The Ninth Circuit has recognized that "[t]he State of California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court, and the Supreme Court has held that § 1983 was not intended to abrogate a State's Eleventh Amendment immunity." Brown v. California Dep't of Corrections, 554 F.3d 747, 752 (9th Cir. 2009).

The Merced County Superior Court is an agency of the state, and therefore, suits against its employees in their official capacity for monetary damages are barred by the Eleventh Amendment. See Greater Los Angeles Council on Deafness, Inc. v. Zolin, 812 F.2d 1103, 1110 (9th Cir. 1987) (A suit against the Superior Court is a suit against the state and are barred by the Eleventh Amendment); Franceschi v. Schwartz, 57 F.3d 828, 831 (9th Cir 1995) (municipal court is an arm of the state and entitled to Eleventh Amendment immunity); Simmons v. Sacramento County Superior Court, 218 F.3d 1156 (9th Cir. 2003) (suits against a county superior court or its employees are barred by the Eleventh Amendment).

Therefore, to the extent Plaintiff brings claims under Section 1983 against Merced County Superior Court judges and clerks in their official capacities for monetary damages, those claims are barred by the Eleventh Amendment.

     5.     <u>Principles of Abstention Apply to Plaintiff's Claims</u>

Plaintiff is seeking to have this Court adjudicate matters that are being adjudicated in Merced County Superior Court, and therefore, an abstention principle articulated by the United States Supreme Court applies to this case.

The Younger doctrine precludes a federal court's intervention in ongoing state proceedings. Younger v. Harris, 401 U.S. 37 (1971). Younger abstention is required when: (1) state proceedings, judicial in nature, are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional issue. Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982); Dubinka v. Judges of the Superior Court of State of Cal. for Cty. Of Los Angeles, 23 F.3d 218, 223 (9th Cir. 1994) (citations omitted). The rationale of Younger applies throughout the appellate proceedings, requiring that state appellate review of a state court judgment be

exhausted before federal court intervention is permitted. Dubinka, 23 F.3d at 223 (even if criminal trials were completed at time of abstention decision, state court proceedings are still considered pending). When Younger doctrine applies to claims for injunctive or declaratory relief, the court must dismiss the claims. See Gilbertson v. Albright, 381 F.3d 965, 981 (9th Cir. 2004).[4]

It appears that Plaintiff takes issue with the probate proceedings in Merced County Superior Court, and he alleges that he is entitled to a trust that was established in John S. Bettencourt's will. It also appears that Plaintiff is taking issue with a civil action that he has filed for professional negligence related to the probate of John S. Bettencourt's will. Plaintiff attaches the civil case cover sheet for a civil case that he filed in Merced County Superior Court, which also includes the case number of a probate action. He also attaches other documents that he has filed in the cases and letters and orders from the court. A review of the Merced County Superior Court dockets in both the civil action and probate action indicates that these actions are still open in Merced County Superior Court. See Estate of: John S. Bettencourt, No. PR000628 (Merced Sup. Ct.); Gary Bettencourt v. Vanise Bettencourt, No. 15CV-01551 (Merced Sup. Ct.).[5]

To the extent that Plaintiff is requesting that the Court order the Merced County Superior Court to file certain petitions or requests in the civil or probate actions, this Court would be interfering with the ongoing adjudication of state court issues in Merced County Superior Court. To the extent Plaintiff argues that the probate of John S. Bettencourt's will was wrong and he is requesting that this Court overrule decisions or orders by the Merced County Superior Court in the probate action, this Court would be substantially interfering in the state proceedings.

---

[4] Further, once a state court proceeding has concluded, the Rooker–Feldman abstention doctrine applies when the relief requested in the federal court would effectively reverse a state court decision or void its ruling. The application of the Rooker–Feldman doctrine is necessarily limited to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). However, the Rooker-Feldman doctrine encompasses claims that were not only actually litigated, but also those that are "inextricably intertwined" with the adjudication by a state court. Id. at 286 (citation omitted).

[5] The Court takes judicial notice of the actions filed in the Merced County Superior Court. See Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

Plaintiff has the opportunity to raise his claims in the state proceedings and the state proceedings involve important state interests. Accordingly, Plaintiff's remedy for any disagreement with the Merced County Superior Court clerks and judges' decisions regarding whether to file documents, decisions regarding whether to grant Plaintiff's requests, or decisions on the probate of the will was an appeal in state court, and not a federal action in the district court. Therefore, the abstention doctrine requires this Court to abstain from interfering in the ongoing state court proceedings in Merced County Superior Court.

### C. Title 18 of the United States Code

Plaintiff asserts that Sections 1017 and 1505 of Title 18 of the United States Code apply. However, Sections 1017 and 1505 of Title 18 of the United States Code are criminal statutes for the federal criminal offenses of "obstruction of proceedings before departments, agencies, and committees" and "government seals wrongfully used and instruments wrongfully sealed." See 18 U.S.C. §§ 1017, 1505. These are criminal laws. In other words, these are laws that a criminal prosecutor, such as a United States Attorney, could use to bring a criminal case against someone. These statutes do not provide for civil liability. Therefore, Plaintiff cannot bring claims under 18 U.S.C. §§ 1017, 1505.

### D. Title 29 of the United States Code

Plaintiff asserts that he may bring suit in the district court on "civil entities employees" under Section 101 of Title 29 of the United States Code. (ECF No. 12 at 15.) Section 101 of Title 29 of the United States Code states that:

> No court of the United States, as defined in this chapter, shall have jurisdiction to issue any restraining order or temporary or permanent injunction in a case involving or growing out of a labor dispute, except in a strict conformity with the provisions of this chapter; nor shall any such restraining order or temporary or permanent injunction be issued contrary to the public policy declared in this chapter.

29 U.S.C. § 101.

Section 101 of Title 29 of the United States Code does not provide a cause of action. Further, Plaintiff has not alleged that a court of the United States has issued a temporary or permanent injunction or restraining order in a case involving or growing out of a labor dispute.

Therefore, Plaintiff cannot bring a claim under 29 U.S.C. § 101.

### E. Trust Fund Collection Case

Plaintiff states that the district court has jurisdiction because this is a trust fund collection case. However, the fact that Plaintiff is alleging fiduciary fraud regarding a trust that he alleges he is entitled to pursuant to a will is not sufficient to create federal question jurisdiction. To the extent that Plaintiff is alleging a state law claim regarding breach of a fiduciary duty and he is only able to allege state law claims, state law claims are insufficient to invoke federal question jurisdiction. Plaintiff was informed about diversity jurisdiction in the order dismissing his complaint, but he has not alleged diversity jurisdiction.[6] Therefore, the state law claims shall be dismissed without prejudice to Plaintiff filing them in state court.

### F. Federal Rule of Civil Procedure 26

It appears that Plaintiff is alleging that clerks at the Merced County Superior Court did not comply with Federal Rule of Civil Procedure 26, because they did not produce documents that he requested. However, Federal Rule of Civil Procedure 26 applies to discovery in federal cases. Therefore, Plaintiff cannot bring a claim against defendants in this action under Federal Rule of Civil Procedure 26.

### G. Leave to Amend

Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend shall be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). In determining whether to grant leave to amend, the court considers five factors: "(1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended his complaint." Nunes v. Ashcroft, 375 F.3d 805, 808 (9th Cir. 2004).

In the order dismissing Plaintiff's complaint with leave to amend, the Court informed Plaintiff that he would have a final opportunity to correct the deficiencies of his claims. The

---

[6] District courts also have original jurisdiction of all civil actions between citizens of different States in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). **Error! Main Document Only.**This requires complete diversity of citizenship and the presence "of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action." Abrego Abrego v. The Dow Chemical Co., 443 F.3d 676, 679 (9th Cir. 2006) (citations omitted). Plaintiff is not bringing this action based on diversity jurisdiction. If Plaintiff is a citizen of the same state as even one defendant, there would be no diversity jurisdiction.

Court will not grant Plaintiff another opportunity to amend. Therefore, Plaintiff's first amended complaint should be dismissed without leave to amend.

### III.
### RECOMMENDATIONS

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Plaintiff's first amended complaint be DISMISSED without leave to amend; and

2. Plaintiff's state law claims be DISMISSED without prejudice.

These findings and recommendations will be submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within twenty-one (21) days of service of this findings and recommendations, Plaintiff may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **September 20, 2017**

UNITED STATES MAGISTRATE JUDGE