UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY RAY BETTENCOURT, | No. 1:17-cv-00646-DAD-SAB |
| Plaintiff, | |
| v. | ORDER FINDING APPEAL FRIVOLOUS AND REVOKING IN FORMA PAUPERIS STATUS |
| BRIAN MCCABE, et al., | |
| Defendants. | (Doc. No. 25) |

This action proceeded by way of a first amended complaint, filed by plaintiff, a state prisoner proceeding pro se and *in forma pauperis*, on August 23, 2017. (Doc No. 12.) On September 20, 2017, the assigned magistrate judge issued findings and recommendations recommending that the first amended complaint be dismissed without leave to amend and that plaintiff's state law claims be dismissed without prejudice. (Doc No. 13.) These findings and recommendations were adopted by the undersigned on December 26, 2017, and the case was dismissed. (Doc. No. 15.)

Though somewhat unclear, the essential basis of plaintiff's complaint related to the probate of John S. Bettencourt's will and plaintiff's attempts to file documents in the actions before the Merced County Superior Court concerning the probate of the will and/or collection of a trust that he alleges he is owed pursuant to the will. (*See* Doc. No. 13 at 2–3.) As thoroughly

detailed by the magistrate judge in the findings and recommendations and subsequently adopted by this court, plaintiff failed to state any cognizable claim which could proceed in federal court on the bases alleged. (*See* Doc. Nos. 13, 15.)

Plaintiff subsequently appealed the dismissal order. Plaintiff's notice of appeal, which includes almost 200 pages of various documents, states that the district court and the California Court of Appeal for the Fifth Appellate District have violated various unspecified federal laws. (Doc No. 22 at 2.) Plaintiff alleges that the defendants in this action are liable for the $16,400 in property sales he is owed as an heir of John S. Bettencourt's estate. (*Id.* at 5–7.) Plaintiff asserts that because the Merced County Superior Court clerks waited two years to file his petitions, someone was able to withdraw his trust funds. (*Id.* at 8.) On April 5, 2018, the Ninth Circuit Court of Appeals referred the matter back to this court for a determination as to whether *in forma pauperis* status should continue on appeal or whether the appeal is frivolous or taken in bad faith. (Doc No. 25.)

"An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). "The test for allowing an appeal *in forma pauperis* is easily met . . . [t]he good faith requirement is satisfied if the appellant seeks review of any issue that is 'not frivolous.'" *Gardner v. Pogue*, 558 F.2d 548, 550–51 (9th Cir. 1977) (quoting *Coppedge v. United States*, 369 U.S. 438, 445 (1962)); *see also Hooker v. Am. Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002) (holding that if at least one issue or claim is non-frivolous, the appeal must proceed *in forma pauperis* as a whole). An action is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, (1989). In other words, the term "frivolous", as used in § 1915 and when applied to a complaint, "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Id*.

Plaintiff seeks to appeal the dismissal of this action because he alleges that he has stated a claim regarding $16,400 that he is allegedly owed as an heir to John S. Bettencourt's estate. While plaintiff claims that the Merced County Superior Court clerks delayed his cases there, as the magistrate judge found in the findings and recommendations, the clerks are entitled to quasi-judicial immunity as to any claims brought against them in their individual capacities related to

2

determining what documents should be filed and what documents should be returned to the filer because of deficiencies. *See Mullis v. U.S. Bankr. Court for Dist. of Nevada*, 828 F.2d 1385, 1390 (9th Cir. 1987); *Fixel v. United States*, 737 F. Supp. 593, 597 (D. Nev. 1990), *aff'd sub nom. Fixel v. U.S. Dist. Court of Nevada*, 930 F.2d 27 (9th Cir. 1991). In addition, the judges of the Merced County Superior Court are entitled to judicial immunity as to the claims brought against them in their individual capacity regarding what documents or pleadings should be filed and whether a judge should recuse himself or herself. *See Duvall v. Cty. of Kitsap*, 260 F.3d 1124, 1133 (9th Cir. 2001). Further, the Eleventh Amendment bars claims brought against judges and clerks in their official capacities for monetary damages. *See Simmons v. Sacramento Cty. Superior Court*, 318 F.3d 1156 (9th Cir. 2003); *Franceschi v. Schwartz*, 57 F.3d 828, 831 (9th Cir 1995); *Greater Los Angeles Council on Deafness, Inc. v. Zolin*, 812 F.2d 1103, 1110 (9th Cir. 1987). Therefore, plaintiff would have no legal basis in this action to seek damages against the Merced County Superior Court judges and clerks.

In addition, as the magistrate judge observed in the findings and recommendations, to the extent plaintiff is requesting that the district court order the Merced County Superior Court to file certain petitions or requests in the civil or probate actions, this court would be interfering with the ongoing adjudication of state court issues in Merced County Superior Court, which it typically may not do. *See Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982); *Dubinka v. Judges of the Superior Court of State of Cal. for Cty. Of Los Angeles*, 23 F.3d 218, 223 (9th Cir. 1994) (citations omitted). As the findings and recommendations noted, the remedy for any disagreement with the Merced County Superior Court clerks and judges' decisions regarding whether to file documents, decisions regarding whether to grant plaintiff's requests, or decisions on the probate of the will is an appeal in state court, and not a federal action in the district court. Well-established principles of federalism and comity require the district court to abstain from interfering in the ongoing state court proceedings in Merced County Superior Court.

Finally, plaintiff's state law claims for breach of a fiduciary duty do not invoke federal question jurisdiction and plaintiff has not alleged diversity jurisdiction. Plaintiff was informed

3

about diversity jurisdiction in the order dismissing his original complaint, but he did not allege diversity jurisdiction in his first amended complaint.

In sum, there is no basis in fact or in law for this appeal. Thus, the court concludes that plaintiff's appeal is frivolous and not taken in good faith. Accordingly, plaintiff's *in forma pauperis* status is revoked. The Clerk of the Court is directed to serve a copy of this order on plaintiff, as well as the Ninth Circuit Court of Appeals.

IT IS SO ORDERED.

Dated: **April 10, 2018**

UNITED STATES DISTRICT JUDGE