# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY RAY BETTENCOURT,<br><br>Plaintiff,<br><br>v.<br><br>BRIAN MCCABE, et al.,<br><br>Defendants. | Case No. 1:17-cv-00646-DAD-SAB<br><br>ORDER REGARDING PLAINTIFF'S REQUEST CONCERNING PAYMENT OF THE FILING FEE FOLLOWING DISMISSAL OF THIS ACTION<br><br>(ECF No. 31) |

## I.

## INTRODUCTION AND BACKGROUND

Plaintiff Gary Ray Bettencourt is a state prisoner who proceeded *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983. On December 26, 2017, the District Judge dismissed this action without leave to amend, but without prejudice to any state law claims Plaintiff may wish to bring in state court. (ECF No. 15.) Judgment was entered that same date. (ECF No. 16.) The Court also directed the Clerk of the Court to process Plaintiff's notice of appeal attached to objections, and forwarded such to the Ninth Circuit. (ECF No. 15 at 2.) On April 11, 2018, the District Judge found the appeal to be frivolous, and revoked Plaintiff's *in forma pauperis* status. (ECF No. 26.) On June 26, 2019, the Ninth Circuit denied Plaintiff-Appellant's motion to proceed *in forma pauperis*, and denied his appeal as frivolous. (ECF No. 27.)

On May 13, 2022, Plaintiff filed a letter contending that "[b]ecause the cases were closed

1   early and during screening the fees are no longer subject to payments," citing to 28 U.S.C. §
2   1915 in support of his contention. (ECF No. 31 at 4.)  Plaintiff requests a letter be sent to the
3   California Department of Corrections and Rehabilitation "informing them that the P.L.R.A. Fee
4   Collections are no longer required …." (Id. at 5.) As exhibits to his notice, Plaintiff has attached
5   a Memorandum from Mule Creek State Prison dated April 21, 2022, a CDCR 602-1 grievance
6   form concerning the collection of fees from his inmate trust account, a Claimant Grievance
7   Receipt Acknowledgment dated April 21, 2022, an Inmate Receipt dated April 18, 2022, an
8   Inmate Statement Report dated April 20, 2022, and an Inmate Request for Interview form dated
9   April 18, 2022.  (Id. at 6-12.)

## II.

## DISCUSSION

Regardless of the status of this case, Plaintiff remains obligated to pay the filing fee in full. "[I]f a prisoner brings a civil action ... in forma pauperis, the prisoner shall be required to pay the full amount of the filing fee." 28 U.S.C. § 1915(b)(1).

Plaintiff became liable for the filing fee upon the filing of his complaint in this case.  The subsequent dismissal of this action does not absolve Plaintiff of the obligation and 28 U.S.C. § 1915 does not provide any authority or mechanism for the Court to excuse Plaintiff from having to pay the filing fee in full.  See, e.g., Bruce v. Samuels, 577 U.S. 82, 85-86 (2016).  In Bruce, the Supreme Court held that "monthly installment payments, like the initial partial payment, are to be assessed on a per-case basis" and that "simultaneous, not sequential, recoupment of multiple filing fees" is required by 28 U.S.C. 1915(b)(2).  Id. at 85-87.

28 U.S.C. § 1915(b)(2) "requires payments to be forwarded 'to the clerk of the court … until the filing fees are paid.' "  Bruce, 577 U.S. at 87.  Although a civil action or appeal may proceed upon submission of an affidavit that demonstrates a prisoner's inability "to pay such fees or give security therefor," 28 U.S.C. § 1915(a), a prisoner granted leave to proceed *in forma pauperis* remains obligated to pay an initial partial filing fee and the remaining portion of the entire fee in "increments" or "installments," Bruce, 577 U.S. at 84, 85; Williams v. Paramo, 775 F.3d 1182, 1185 (9th Cir. 2015).  The entire filing fee is to be paid regardless of whether the case

2

is ultimately dismissed.  See Taylor v. Delatoore, 281 F.3d 844, 847 (9th Cir. 2002); see also Soares v. Paramo, 3:13-cv-02971 BTM-RBB, 2018 WL 5962728 at *2 (Nov. 14, 2018) ("Thus, § 1915 no longer provides any authority for courts to waive full payment of the filing fee required by § 1915(b)(1), or return any portion of the filing fee [] already paid, after the civil action has been consolidated, settled, or dismissed for any reason").

### III.

### ORDER

Accordingly, IT IS HEREBY ORDERED that Plaintiff's request for a court order directing the California Department of Corrections and Rehabilitation to stop or discontinue withdrawing funds from Plaintiff's inmate trust account toward the payment of the filing fee in this action is DENIED.

IT IS SO ORDERED.

Dated:   **May 17, 2022**

UNITED STATES MAGISTRATE JUDGE